UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

                           :

        - v. -          :

                           :

MARK BROWN,               :     <u>INDICTMENT</u>
    a/k/a "Kirk Watson,"    :
    a/k/a "Blackbud,"       :     S14 04 Cr. 801 (PKC)
    a/k/a "Blacks,"         :
LEWIS CARRIDES,          :
    a/k/a "Dibble,"         :
CONRAD COOPER,           :
    a/k/a "Dervin,"         :
MAXINE DAVIS,            :
SHELDON FULLER,          :
    a/k/a "Andre Blake,"    :
    a/k/a "David Campbell,"  :
KEVIN JACKSON,           :
    a/k/a "Kevin Peterson,"  :
    a/k/a "Treppants,"     :
RYAN KING,              :
    a/k/a "Gary,"           :
    a/k/a "Longers,"        :
STEPHEN MATTIS,          :
    a/k/a "Steve,"          :
    a/k/a "Rockpeck,"       :
VIVIAN MONTAQUE,         :
    a/k/a "Wolfie,"         :
TEDANE MUIR,            :
    a/k/a "Sampson,"       :
GRANVILLE NEWELL,       :
    a/k/a "Sherlock,"      :
    a/k/a "Donald Thomas,"  :
ANTHONY PHILLIPS,       :
    a/k/a "Curtis,"        :
DESMOND SHAW,           :
    a/k/a "Bigga,"         :
    a/k/a "Milton Davis,"   :
    a/k/a "Junior,"        :
ENRICO THOMAS,           :
    a/k/a "Rico,"          :
    a/k/a "Meng Feng,"     :
BOBBY WESTON,           :
    a/k/a "Badness,"       :
KARL WILSON,            :
    a/k/a "Barry,"          :

                           :

             Defendants.     :

- - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 19 ___

<u>COUNT ONE</u>

The Grand Jury charges:

<u>THE ENTERPRISE</u>

1.    From in or about 1999 to in or about August 2004, in the Southern District of New York and elsewhere, the defendants, MARK BROWN, a/k/a "Kirk Watson," a/k/a "Blackbud," a/k/a "Blacks," Lewis Carrides, a/k/a "Dibble," CONRAD COOPER, a/k/a "Dervin," SHELDON FULLER, a/k/a "Andre Blake," a/k/a "David Campbell," KEVIN JACKSON, a/k/a "Kevin Peterson," a/k/a "Treppants," RYAN KING, a/k/a "Gary," a/k/a "Longers," Tedane Muir, a/k/a "Sampson," Granville Newell, a/k/a "Sherlock," a/k/a "Donald Thomas," ANTHONY PHILLIPS, a/k/a "Curtis," DESMOND SHAW, a/k/a "Bigga," a/k/a "Milton Davis," a/k/a "Junior," and ENRICO THOMAS, a/k/a "Rico," a/k/a "Meng Feng," Maxine Davis, Stephen Mattis, a/k/a "Steve," a/k/a "Rockpeck," Vivian Montaque, a/k/a "Wolfie," Bobby Weston, a/k/a "Badness," and Karl Wilson, a/k/a "Barry," together with others known and unknown, were members and associates of a criminal organization (hereinafter referred to as "the Two Mile Posse" or "the enterprise"), whose members and associates engaged in murder and other acts involving violence and narcotics trafficking.  The enterprise operated in the Southern District of New York, Arizona, and elsewhere.

2.    The Two Mile Posse, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity.

2

The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

3.   At all times relevant to this Indictment, MARK BROWN, CONRAD COOPER, SHELDON FULLER, KEVIN JACKSON, RYAN KING, ANTHONY PHILLIPS, DESMOND SHAW, and ENRICO THOMAS, participated in the operation and management of the enterprise.

### PURPOSES OF THE ENTERPRISE

4.   The purposes of the enterprise included the following:

a.   Enriching the members and associates of the enterprise through, among other things, murder, other acts of violence, and the sale and distribution of marijuana;

b.   Preserving and protecting the power of the enterprise, its members and associates through the use of murder and other acts of violence; and

c.   Promoting and enhancing the enterprise and the activities of its members and associates.

### THE MEANS AND METHODS OF THE ENTERPRISE

5.   Among the means and methods by which the members and associates of the enterprise conducted and participated in the conduct of the affairs of the enterprise were the following:

a.   The members and associates of the enterprise conspired to commit, committed and attempted to commit acts of violence, including murder, to protect and expand the enterprise's

3

criminal operations.

b.   Members and associates of the enterprise acquired, possessed, carried and used deadly weapons, including firearms, in the course of the enterprise's criminal activities.

c.   The members and associates of the enterprise participated in narcotics trafficking.

BACKGROUND

6.   At all times relevant to this Indictment:

a.   "The Two Mile Posse" was an organization that operated principally in New York, New York and Tucson, Arizona.

b.   The criminal activity of the Two Mile Posse members included, among other things, the operation and maintenance of its marijuana-trafficking business.  Members of the Two Mile Posse imported marijuana from Arizona into New York, New York and distributed marijuana principally in the vicinity of 2512 7th Avenue, New York, New York, and a residential apartment building (the "Dunbar Building") which occupies the block bounded by 149th Street, 150th Street, 7th Avenue, and 8th Avenue, New York, New York.

c.   The criminal activity of the Two Mile Posse members also included, among other things, the possession of deadly weapons, including firearms, in the course of the enterprise's criminal activities.

4

## RACKETEERING VIOLATION

7.   From in or about 1999 up to at least in or about August 2004, in the Southern District of New York and elsewhere, MARK BROWN, CONRAD COOPER, SHELDON FULLER, KEVIN JACKSON, RYAN KING, ANTHONY PHILLIPS, DESMOND SHAW, and ENRICO THOMAS, the defendants, and others known and unknown, being persons employed by and associated with the enterprise described above, to wit, the Two Mile Posse, which was engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, willfully, and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, that is, through the commission of the following acts of racketeering:

## THE PATTERN OF RACKETEERING ACTIVITY

8.   The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

9.   Racketeering Act One:  Narcotics Conspiracy

a.   From in or about 1999 through in or about August 2004, in the Southern District of New York and elsewhere, MARK BROWN, CONRAD COOPER, SHELDON FULLER, KEVIN JACKSON, RYAN KING, ANTHONY PHILLIPS, DESMOND SHAW, and ENRICO THOMAS, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

b.   It was a part and an object of this conspiracy

that MARK BROWN, CONRAD COOPER, SHELDON FULLER, KEVIN JACKSON, RYAN KING, ANTHONY PHILLIPS, DESMOND SHAW, and ENRICO THOMAS, and others known and unknown, unlawfully, intentionally, and knowingly, would and did distribute and possess with intent to distribute a controlled substance, to wit, 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846.

          10.   <u>Racketeering Act Two: Murders of Rohan Bailey and Camila Simmonds, a/k/a "Corey Brown"</u>

In or about December 2001, in the Southern District of New York and elsewhere, CONRAD COOPER, SHELDON FULLER, and ENRICO THOMAS, the defendants, committed the following acts, any one of which alone constitutes the commission of Racketeering Act Two:

          a.   <u>Conspiracy to Murder Rohan Bailey and Camila Simmonds, a/k/a "Corey Brown"</u>

In or about December 2001, in the Southern District of New York, CONRAD COOPER, SHELDON FULLER, and ENRICO THOMAS, the defendants, together with others known and unknown, unlawfully, willfully and knowingly did commit an act involving murder, that is, conspired to commit the murders of Rohan Bailey and Camila Simmonds, a/k/a "Corey Brown," in violation of New York State Penal Law Sections 125.25(1) and 105.00.

<u>OVERT ACT</u>

          i.   In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York:

6

a)   In or about December 2001, CONRAD COOPER, SHELDON FULLER, and ENRICO THOMAS planned to lure Bailey and Simmonds to an apartment in Manhattan in order to kill them.

b.   <u>Murder of Rohan Bailey</u>

On or about December 19, 2001, in the Southern District of New York, CONRAD COOPER, SHELDON FULLER, and ENRICO THOMAS, the defendants, together with others known and unknown, unlawfully, intentionally and knowingly murdered Rohan Bailey in violation of New York State Penal Law Sections 125.25(1) and 20.00, in that, with the intent to cause the death of Rohan Bailey, CONRAD COOPER, SHELDON FULLER, and ENRICO THOMAS caused the death of Rohan Bailey.

c.   <u>Murder of Camila Simmonds, a/k/a "Corey Brown"</u>

On or about December 19, 2001, in the Southern District of New York, CONRAD COOPER, SHELDON FULLER, and ENRICO THOMAS, the defendants, together with others known and unknown, unlawfully, intentionally and knowingly murdered Camila Simmonds, a/k/a "Corey Brown," in violation of New York State Penal Law Sections 125.25(1) and 20.00, in that, with the intent to cause the death of Camila Simmonds, CONRAD COOPER, SHELDON FULLER, and ENRICO THOMAS caused the death of Camila Simmonds.

11.   <u>Racketeering Act Three:  Murder of Dennis Paulk</u>

a.   On or about June 20, 2002, in the Southern District of New York, MARK BROWN, KEVIN JACKSON, RYAN KING, and ANTHONY PHILLIPS, the defendants, together with others known and unknown, committed an act involving murder, that is, under

7

circumstances evincing a depraved indifference to human life,

recklessly engaged in conduct which created a grave risk of death to

Dennis Paulk in violation of New York State Penal Law Sections

125.25(2) and 20.00, in that, while armed with a machete and knives,

MARK BROWN, KEVIN JACKSON, RYAN KING, and ANTHONY PHILLIPS assaulted

Dennis Paulk, and thereby caused the death of Dennis Paulk.

      12.  <u>Racketeering Act Four:   Possession of Marijuana with Intent to Distribute</u>

      a.  In or about August 2002, in the Southern District

of New York, CONRAD COOPER and DESMOND SHAW, the defendants,

unlawfully, intentionally and knowingly did distribute and possess

with intent to distribute a controlled substance, to wit, CONRAD

COOPER and DESMOND SHAW unloaded between approximately 800 to 1,000

lbs. of marijuana from a van in the vicinity of 150th Street and 7th

Avenue, New York, New York.

      (Title 18, United States Code, Section 1962(c).)

## COUNT TWO

The Grand Jury further charges:

      13.  Paragraphs 1 through 6 and 9 through 12 of Count One of

this Indictment are realleged and incorporated by reference as though

fully set forth herein.

### THE RACKETEERING CONSPIRACY

      14.  From in or about 1999 up to and including in or about

August 2004, in the Southern District of New York and elsewhere, MARK

BROWN, CONRAD COOPER, SHELDON FULLER, KEVIN JACKSON, RYAN KING, ANTHONY PHILLIPS, DESMOND SHAW, and ENRICO THOMAS, the defendants, together with others known and unknown, being persons employed by and associated with the enterprise described in Paragraphs 1 through 6 of Count One of this Indictment, to wit, the Two Mile Posse, unlawfully, willfully, and knowingly combined, conspired, confederated and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Section 1961(1) and (5).  The pattern of racketeering activity through which the defendants agreed to conduct the affairs of the enterprise consisted of the acts set forth in Paragraphs 9 through 12 in Count One of this Indictment as Racketeering Acts One through Four.  It was a part of the conspiracy that each defendant agreed that a co-conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Section 1962(d).)

VIOLENT CRIMES IN AID OF RACKETEERING

COUNT THREE

The Grand Jury further charges:

15.  At all times relevant to this Indictment, the Two Mile Posse, as more fully described in Paragraphs 1 through 6 of Count One of this Indictment which are realleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the Two Mile Posse, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

16.  At all times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, in violation of New York State Penal Law, and narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

17.  On or about June 20, 2002, in the Southern District of New York, for the purpose of gaining entrance to and maintaining and increasing their positions in the Two Mile Posse, an enterprise engaged in racketeering activity, as described above, MARK BROWN, KEVIN JACKSON, RYAN KING, and ANTHONY PHILLIPS, the defendants, together with others known and unknown, unlawfully, intentionally, and

10

knowingly did commit murder, to wit, MARK BROWN, KEVIN JACKSON, RYAN KING, and ANTHONY PHILLIPS, murdered and aided and abetted the murder of Dennis Paulk, in violation of New York State Penal Law Sections 125.25(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)


## COUNT FOUR

The Grand Jury further charges:

18.   Paragraphs 15 and 16 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

19.   In or about December 2001, in the Southern District of New York and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Two Mile Posse, and for the purpose of gaining entrance to and maintaining and increasing their positions in the Two Mile Posse, an enterprise engaged in racketeering activity, as described above, CONRAD COOPER, SHELDON FULLER, and ENRICO THOMAS, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to murder Rohan Bailey and Camila Simmonds, a/k/a "Corey Brown," in violation of New York State Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

## COUNT FIVE

The Grand Jury further charges:

20.   Paragraphs 15 and 16 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

21.   On or about December 19, 2001, in the Southern District of New York, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Two Mile Posse, and for the purpose of gaining entrance to and maintaining and increasing their positions in the Two Mile Posse, an enterprise engaged in racketeering activity, as described above, CONRAD COOPER, SHELDON FULLER, and ENRICO THOMAS, the defendants, together with others known and unknown, unlawfully, intentionally, and knowingly did commit murder, to wit, CONRAD COOPER, SHELDON FULLER, and ENRICO THOMAS murdered and aided and abetted the murder of Rohan Bailey, in violation of New York State Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT SIX

The Grand Jury further charges:

22.   Paragraphs 15 and 16 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

23.   On or about December 19, 2001, in the Southern District

of New York, as consideration for the receipt of, and as consideration

for a promise and agreement to pay, a thing of pecuniary value from

the Two Mile Posse, an enterprise engaged in racketeering activity, as

described above, and for the purpose of gaining entrance to and

maintaining and increasing their positions in the Two Mile Posse,

CONRAD COOPER, SHELDON FULLER, and ENRICO THOMAS, the defendants,

together with others known and unknown, unlawfully, intentionally, and

knowingly did commit murder, to wit, CONRAD COOPER, SHELDON FULLER,

and ENRICO THOMAS murdered and aided and abetted the murder of Camila

Simmonds, a/k/a "Corey Brown," in violation of New York State Penal

Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

<u>MURDER IN CONNECTION WITH A DRUG CRIME</u>

<u>COUNT SEVEN</u>

The Grand Jury further charges:

24.  On or about December 19, 2001, in the Southern District

of New York and elsewhere, while engaged in an offense punishable

under Title 21, United States Code, Section 841(b)(1)(A), to wit, the

offenses charged in Racketeering Act One of Count One and Count

Fourteen of this Indictment, CONRAD COOPER, SHELDON FULLER, and ENRICO

THOMAS, the defendants, unlawfully, intentionally and knowingly killed

and counseled, commanded, induced, procured, and caused the

intentional killing of Rohan Bailey.

(Title 21, United States Code, Section 848(e)(1)(A), and Title 18,
United States Code, Section 2.)

## COUNT EIGHT

The Grand Jury further charges:

25.  On or about December 19, 2001, in the Southern District
of New York and elsewhere, while engaged in an offense punishable
under Title 21, United States Code, Section 841(b)(1)(A), to wit, the
offenses charged in Racketeering Act One of Count One and Count
Fourteen of this Indictment, CONRAD COOPER, SHELDON FULLER, and ENRICO
THOMAS, the defendants, unlawfully, intentionally and knowingly killed
and counseled, commanded, induced, procured, and caused the
intentional killing of Camila Simmonds.

(Title 21, United States Code, Section 848(e)(1)(A), and Title 18,
United States Code, Section 2.)

## FIREARMS OFFENSES

## COUNT NINE

The Grand Jury further charges:

26.  On or about December 19, 2001, in the Southern District
of New York and elsewhere, CONRAD COOPER, SHELDON FULLER, and ENRICO
THOMAS, the defendants, unlawfully, willfully, and knowingly, during
and in relation to a crime of violence for which they may be
prosecuted in a court of the United States, to wit, the conspiracy to
murder and murder of Rohan Bailey and Camila Simmonds, as charged in
Racketeering Act Two of Counts One and Two, and Counts Four, Five,

14

Six, Seven, and Eight of this Indictment, used and carried a firearm, and possessed a firearm in furtherance of such crime, during which a firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.)


### COUNT TEN

The Grand Jury further charges:

27.   From at least in or about May 2000 through at least in or about December 2002, in the Southern District of New York and elsewhere, KEVIN JACKSON, the defendant, unlawfully, willfully, and knowingly, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the narcotics conspiracy charged in Racketeering Act One of Counts One and Two and Count Fourteen of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, to wit, a handgun.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)


### COUNT ELEVEN

The Grand Jury further charges:

28.   From at least in or about March 2000 through at least in or about March 2003, in the Southern District of New York and elsewhere, RYAN KING, the defendant, unlawfully, willfully, and knowingly, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit,

15

the narcotics conspiracy charged in Racketeering Act One of Counts One and Two and Count Fourteen of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, to wit, a handgun.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## COUNT TWELVE

The Grand Jury further charges:

29.  From at least in or about August 2000 through at least in or about December 2002, in the Southern District of New York and elsewhere, ANTHONY PHILLIPS, the defendant, unlawfully, willfully, and knowingly, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the narcotics conspiracy charged in Racketeering Act One of Counts One and Two and Count Fourteen of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, to wit, a handgun.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## COUNT THIRTEEN

The Grand Jury further charges:

30.  From in or about December 2001 through in or about December 2002, in the Southern District of New York and elsewhere, KARL WILSON, the defendant, unlawfully, willfully, and knowingly, during and in relation to a drug trafficking crime for which he may be

16

prosecuted in a court of the United States, to wit, the narcotics conspiracy charged in Racketeering Act One of Counts One and Two and Count Fourteen of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, to wit, a handgun.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

### COUNT FOURTEEN

### Narcotics Conspiracy

The Grand Jury further charges:

31.  From in or about 1999 to in or about August 2004, in the Southern District of New York and elsewhere, MARK BROWN, LEWIS CARRIDES, CONRAD COOPER, MAXINE DAVIS, SHELDON FULLER, KEVIN JACKSON, RYAN KING, STEPHEN MATTIS, VIVIAN MONTAQUE, TEDANE MUIR, GRANVILLE NEWELL, ANTHONY PHILLIPS, DESMOND SHAW, ENRICO THOMAS, BOBBY WESTON and KARL WILSON, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

32.  It was a part and an object of this conspiracy that MARK BROWN, LEWIS CARRIDES, CONRAD COOPER, MAXINE DAVIS, SHELDON FULLER, KEVIN JACKSON, RYAN KING, STEPHEN MATTIS, VIVIAN MONTAQUE, TEDANE MUIR, GRANVILLE NEWELL, ANTHONY PHILLIPS, DESMOND SHAW, ENRICO THOMAS, BOBBY WESTON, and KARL WILSON, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly, would and

17

did distribute and possess with intent to distribute a controlled substance, to wit, 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846.

<u>OVERT ACTS</u>

33.   In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about October 14, 1999, VIVIAN MONTAQUE possessed marijuana at 2512 7th Avenue, New York, New York.

b.   On or about June 3, 2000, MAXINE DAVIS sold marijuana to an undercover police officer at 2512 7th Avenue, New York, New York.

c.   On or about December 19, 2001, SHELDON FULLER and a co-conspirator each fired a gun at Rohan Bailey and Camila Simmonds, a/k/a "Corey Brown," who had been extorting marijuana-selling co-conspirators, thereby causing the death of Rohan Bailey and Camila Simmonds, at 231 W. 149th Street, New York, New York.

d.   In or about January 2002, LEWIS CARRIDES served customers with marijuana in exchange for currency at 2512 7th Avenue, New York, New York.

e.   On or about January 3, 2002, KARL WILSON possessed marijuana at 2512 7th Avenue, New York, New York.

f.   On or about June 20, 2002, at 2512 7th Avenue, New York, New York, MARK BROWN, KEVIN JACKSON, RYAN KING, and ANTHONY

18

PHILLIPS, and others known and unknown, kicked, punched, and stabbed Dennis Paulk, thereby causing Paulk's death, after Paulk attempted to rob one of their co-conspirators of marijuana.

g.   In or about August 2002, STEPHEN MATTIS and others known and unknown, packaged at least 700 lbs. of marijuana which was then loaded into a truck in Tucson, Arizona, and delivered to New York, New York.

h.   In or about August 2002, CONRAD COOPER and DESMOND SHAW, and others known and unknown, unloaded between 800 and 1200 lbs. of marijuana from a truck in the vicinity of West 150th Street, New York, New York, after the marijuana arrived from Arizona.

i.   In or about November 2002, ENRICO THOMAS, and others known and unknown, packaged at least 700 lbs. of marijuana, which was then loaded into a truck in Tucson, Arizona, and delivered to New York, New York.

j.   In or about January 2003, BOBBY WESTON and others known and unknown, packaged at least 500 lbs. of marijuana which was then loaded into a truck in Tucson, Arizona, and delivered to New York, New York.

k.   On or about June 1, 2004, TEDANE MUIR and GRANVILLE NEWELL possessed more than 1700 lbs. of marijuana at 10122 North Blue Crossing Way, Pima County, Arizona.

(Title 21, United States Code, Section 846.)

19

## FORFEITURE ALLEGATION

34.  The allegations contained in Count One of this
Indictment are hereby repeated, realleged, and incorporated by
reference herein as though fully set forth at length for the purpose
of alleging forfeiture pursuant to the provisions of Title 18, United
States Code, Section 1963.  Pursuant to Rule 32.2, Fed. R. Crim. P.,
notice is hereby given to the defendant that the United States will
seek forfeiture as part of any sentence in accordance with Title 18,
United States Code, Section 1963 in the event of a defendant's
conviction under Count One of this Indictment.

35.  MARK BROWN, CONRAD COOPER, SHELDON FULLER, KEVIN
JACKSON, RYAN KING, ANTHONY PHILLIPS, DESMOND SHAW, and ENRICO THOMAS,
the defendants,

a.   have acquired and maintained interests in
violation of Title 18, United States Code, Section 1962, which
interests are subject to forfeiture to the United States pursuant to
Title 18, United States Code, Section 1963(a)(1);

b.   have property constituting and derived from
proceeds obtained, directly, and indirectly, from racketeering
activity, in violation of Title 18, United States Code, Section 1962,
which property is subject to forfeiture to the United States pursuant
to Title 18, United States Code, Section 1963(a)(3).

36.  The interests of the defendants subject to forfeiture
to the United States pursuant to Title 18, United States Code, Section
1963(a)(1) and (3), include but are not limited to, at least $5

20

million, which represents the gross proceeds received by the defendants pursuant to their racketeering activities as alleged in Count One during the relevant time period alleged in the Indictment.

<u>Substitute Asset Provision</u>

37.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

38.   The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

(Title 18, United States Code, Section 1963.)

## FORFEITURE ALLEGATION

39.  As a result of committing the controlled substance offense in Count Fourteen of this Indictment, MARK BROWN, LEWIS CARRIDES, CONRAD COOPER, MAXINE DAVIS, SHELDON FULLER, KEVIN JACKSON, RYAN KING, STEPHEN MATTIS, VIVIAN MONTAQUE, TEDANE MUIR, GRANVILLE NEWELL, ANTHONY PHILLIPS, DESMOND SHAW, ENRICO THOMAS, BOBBY WESTON, and KARL WILSON, the defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Information, including but not limited to a sum equal to at least $5 million, which represents the amount of proceeds obtained as a result of the offense in violation of Title 21, United States Code, Section 846.

40.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value;

22

or

> (e)  has been commingled with other property which

cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United

States Code, Section 853(p), to seek forfeiture of any other property

of the defendants up to the value of the above forfeitable property.

> (Title 21, United States Code, Sections 846 and 853.)

_____  7/19/05
Foreperson

_____
DAVID N. KELLEY  JMR
United States Attorney

23